UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LAUREL GARDENS, LLC, : | |
| : | Hon. Joseph H. Rodriguez |
| Plaintiff, : | |
| : | Civil No. 15-5549 |
| v. : | |
| : | |
| MJL ENTERPRISES, LLC, : | <u>Opinion</u> |
| : | |
| Defendants. : | |

These matters come before the Court on Plaintiff Laurel Gardens, LLC's Motion To Remand and on Motion of Defendant MJL Enterprises, LLC to Quash Service of the Complaint pursuant to Fed. R. Civ. P. 12(b)(5), or in the alternative to Transfer Venue to the United States District Court for the Eastern District of Virginia pursuant to 28 U.S.C. § 1404(a).  The Court has considered the written submissions of the parties, without oral argument.   For the reasons that follow the Motions will be denied without prejudice and dismissed without prejudice.

## I. <u>Background</u>

Plaintiff engaged the services of Defendant for the purpose of securing opportunities to provide landscape services to governmental entities in New Jersey, Pennsylvania and Delaware.   Defendant was formed and has its principal place of business in Virginia.   Plaintiff is registered and has its principal place of business in Pennsylvania.

MJL was awarded a prime contract by the New Jersey Department of Transportation under its "Good Neighbor Program" on August 13, 2014. Compl.¶11.

1

The Complaint avers that the parties entered into an agreement whereby Laurel Gardens would serve as a subcontractor under the New Jersey Landscaping contract. Id. at ¶6. Laurel Gardens alleges that the contract was terminated by MJL on November 14, 2014. Id. at ¶33. As series of lawsuits ensued. On March 9, 2015, MJL filed an action in the United States District Court for the Eastern District of Virginia, seeking declaratory relief and damages from Plaintiff's alleged failure to perform under the contract. Id. at ¶¶37-38. Then, Plaintiff filed suit in the New Jersey Superior Court, Camden Vicinage, on May 16, 2015. MJL removed the New Jersey action to this Court on diversity of citizenship grounds on July 15, 2015.

In the meantime, Laurel Gardens filed a motion to dismiss the Virginia complaint; the motion was denied on October 23, 2015 and the Virginia action remains active. See MJL Enterprises, LLC v. Laurel Gardens, LLC, et al., Civ. No 2:15-CV-100 (E.D.Va. Oct. 23, 2015). Plaintiff Laurel Gardens argues that this matter must be remanded in light of MJL's failure to properly plead the citizenship of every member of its LLC. Specifically, Laurel Gardens claims that because MJL has not properly plead diversity of citizenship, the Court is without jurisdiction and the matter must be remanded to the New Jersey Superior Court.

Defendant MJL Enterprises argues that Laurel Garden's failed to properly serve the Complaint in violation of both Federal Rule of Civil Procedure 4(h) and New Jersey Civil Practice Rule 4:4-5. Specifically, Laurel Gardens' process server merely hand delivered the summons and complaint to an alleged unauthorized agent at MJL's place of business. In the alternative, MJL claims that the "first filed rule," as articulated by

2

the Third Circuit in <u>E.E.O.C. v. Univ. of Pennsylvania</u>, 850 F.2d 969, 971 (3d Cir. 1988), requires the matter to be transferred to the court in which the dispute was first filed; in this case, the Eastern District of Virginia.

Before this Court can entertain any of the parties' motions, it must determine whether jurisdiction lays.

## II.     **Standard of Review**

The statute governing jurisdiction in this matter is 28 U.S.C. § 1332, which gives federal district courts original jurisdiction of all civil actions 'between … citizens of different States' where the amount in controversy exceeds $75,000." <u>Lincoln Prop. Co. v. Roche</u>, 546 U.S. 81, 89, 126 S.Ct. 606, 163 L.Ed.2d 415 (2005). For diversity jurisdiction to lay, "no plaintiff [may] be a citizen of the same state as any defendant." <u>Zambelli Fireworks Mfg. Co. v. Wood</u>, 592 F.3d 412, 419 (3d Cir. 2010).

Here, both parties are limited liability companies. Partnerships "are not considered 'citizens' as that term is used in the diversity statute." <u>Lincoln Ben. Life Co. v. AEI Life, LLC</u>, 800 F.3d 99, 105 (3d Cir. 2015). "[T]he citizenship of partnerships and other unincorporated associations is determined by the citizenship of [their] partners or members." <u>Zambelli Fireworks Mfg. Co. v. Wood</u>, 592 F.3d 412, 419 (3d Cir. 2010). "The state of organization and the principal place of business of partnership are irrelevant. Accordingly, the citizenship of an LLC is determined by the citizenship of its members. For there to be complete diversity, all of the LLC's members must be diverse from all parties on the opposing side." <u>Lincoln Ben. Life Co.</u>, 800 at 105 (3d Cir. 2015) (quoting <u>Zambelli</u>, 592 F.3d at 419) (internal quotations omitted).

3

III.     **Analysis**

Laurel Gardens challenges MJL's invocation of diversity jurisdiction as conclusory because MJL fails to allege the citizenship of each member of MJL in the Notice of Removal in order to plead complete diversity. In this regard, Laurel Gardens' challenge is facial.   "Normally, '[i]n reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff.' " Id. (quoting Gould Elecs. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000).   However, the Third Circuit recently permitted a party to amend a complaint, in the context of a facial attack on an LLC's pleading of citizenship, where a sufficient statement of jurisdiction was set forth in the opposition brief. Lincoln Ben. Life Co., 800 F.3d at 110 (stating that although affidavits and briefs are normally not considered on a facial attack to jurisdiction, the court would consider statements therein and permitted amendment on appeal.)

In Lincoln Ben. Life Co., the Court noted the difficulty of identifying all of the members of a limited liability company prior to filing. The Court weighed the benefits of a rule that requires precise pleading of members' citizenship in an LLC and found that the requirement of listing each member's citizenship was too onerous at the pleading stage and would serve only to "[d]epriv[e] a party of a federal forum simply because it cannot timely identify all of the members of an unincorporated association[.].Lincoln Ben. Life Co., 800 F.3d at 108.   The Court found that this would amount to an "[ir]rational screening mechanism." Id., T108-109.   As a result, the Court directed the Plaintiff to amend the Complaint on remand.

4

Here, MJL states in its opposition brief that MJL Enterprises, LLC and its only member are residents of the Commonwealth of Virginia.   See Def. Opp. Br., p. 2, n.1. In addition, the brief sets forth facts related to the citizenship of Laurel Gardens, premised upon the reverse inference that no member of Laurel Gardens is likely a citizen of Virginia.   This type of "negative allegation" is permissible and encouraged. Lincoln Ben. Life Co., 800 F.3d at 107. Although the Notice of Removal fails to state the citizenship of MJL's lone member, the Court will exercise its discretion and permit MJL to amend its Notice of Removal to include a statement of the citizenship of its member(s) consistent with the Third Circuit's holding in Lincoln Ben. Life Co., 800 F.3d 99.

As a result, the Court will grant MJL leave to file an amended notice of removal properly pleading the citizenship of every party within twenty (20) days of the date of this Opinion and accompanying Order. Laurel Gardens' Motion to remand is denied without prejudice, with the right to renew if MJL's deficiency is not corrected within that time.   MJL's Motion to Quash and/or To Transfer is dismissed without prejudice with the right to renew upon satisfaction of the jurisdictional pleading requirements.

An appropriate Order accompanies this Opinion.

Dated: January 7, 2016

                              s/ Joseph H. Rodriguez
                              Hon. Joseph H. Rodriguez,
                              UNITED STATES DISTRICT JUDGE